IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 114-123 |
| | * | |
| RICKY LEE KENNEDY | * | |

O R D E R

Before the Court is Defendant Ricky Lee Kennedy's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The Court may grant compassionate release if (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with the United States Sentencing Commission's Policy Statement, U.S.S.G. § 1B1.13 (as amended on November 1, 2023); and the sentencing factors of 18 U.S.C. § 3553(a) support the sentence reduction. United States v. Tinker, 14 F.4th 1234, 1237-38 (11th Cir. 2021). Absence of even one of these requirements would foreclose a sentence reduction. Id.; United States v. Giron, 15 F.4th 1343, 1348 (11th Cir. 2021) ("[C]ompassionate release is permissible only if all three findings are made."). Importantly, the burden is on the Defendant to establish that compassionate release is warranted. See United States v. Granda, 852 F. App'x 442, 446 (11th Cir. 2021).

The applicable Policy Statement contains a list of "extraordinary and compelling" reasons related to a defendant's health, age, family circumstances, and abuse while in custody. U.S.S.G. § 1B1.13(b)(1)-(4). There is also a catch-all provision, § 1B1.13(b)(5), which vests the district court with discretion to determine if "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." Finally, the Policy Statement provides that a defendant who is serving an unusually long sentence may be eligible for compassionate release under § 1B.13(b)(6).[1]

In this case, Defendant sets forth the following grounds for relief: (1) the death of his wife; (2) Amendment 829 to the United States Sentencing Guidelines; (3) the "policy disagreement of many

---

[1] The Unusually Long Sentence Provision of § 1B1.13(b)(6) states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Defendant does not invoke this provision.

2

U.S. district judges against the methamphetamine punishments under the guidelines"; (4) the denial of his acceptance of responsibility credit; and (4) his rehabilitation. (Def.'s Mot., Doc. 38.) These grounds, whether considered alone or in combination, are not extraordinary and compelling as contemplated by the Sentencing Commission in promulgation of § 1B1.13(b).

1. Family Circumstances

Defendant presents the death certificate of his wife, Stefanie Cooley Kennedy, which shows she died on March 5, 2020, from a combined toxic effect of cocaine, heroin, alprazolam, and methadone. (Doc. 38, at 25.) Defendant contends that "[t]he death or incapacitation of the caregiver of the defendant's minor child" is an extraordinary and compelling family circumstance under U.S.S.G. § 1B1.13(b)(3)(A). Defendant argues that because his wife was the caregiver of his minor children, her death constitutes an extraordinary and compelling reason to warrant early release.

Defendant suggests that his wife's death is automatically extraordinary and compelling because unlike other family circumstances listed in § 1B1.13(b)(3), he is not required to show that he is the only available caregiver for the minor children. Defendant is correct that the verbiage "only available caregiver" is not present in the applicable subsection. The ultimate decision to grant relief, however, is still within the discretion of the

3

district court. See U.S.S.G. § 1B1.13(a) (providing that the court "may" reduce a term of imprisonment).

In this case, even if Defendant meets the family circumstance as written, he has not convinced the Court that the death of his wife is sufficiently extraordinary and compelling to warrant relief. Importantly, the time lapse between her death and his present motion belies any suggestion that the predicament facing his minor children is compelling.[2] The letter of Ms. Debra Cooley, Defendant's mother-in-law, fills in the blanks since Stefanie Cooley Kennedy's death. (Doc. 44, at 11.) Ms. Cooley gained custody of the children through an Emergency Petition for Permanent Guardianship after the death. Unfortunately, Ms. Cooley fell into depression about a year later, so she placed the two youngest children with a non-family member and continued to care for the eldest. (Id.) Ms. Cooley petitions the Court for her son-in-law's release to give him the opportunity to be with his children. (Id.) Defendant's problem with the placement of his two youngest children is that the non-family member has not allowed him or his family to have contact with the children. This may be true, but there is no evidence that the one remaining minor child (the

---

[2] The children were 10, 7 and 5 years old at the time of sentencing in 2015; they are now 20, 17, and 15 years old. The middle child will reach the age of majority at the end of this month. For purposes of the motion, the Court considers that only one child is a minor.

4

Court's only concern under the Policy Statement) faces some tremendous hardship or need that Defendant can remedy. His absence from the child's life alone is neither extraordinary nor compelling. In short, Defendant has failed to establish that his family circumstances warrant compassionate release.

2. Amendment 829

Next, Defendant bases his sentence reduction on Amendment 829 to the United States Sentencing Guidelines, which amended the Policy Statement respecting Age in U.S.S.G. § 5H1.1 to emphasize that a defendant's youthfulness may be considered in assessing a downward departure at sentencing. The Sentencing Commission, however, did not make Amendment 829 retroactive. See U.S.S.G. § 1B1.10(d). And, § 1B1.13(c) expressly states that changes in the law, including a non-retroactive amendment to the Guidelines, "shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement."

3. Methamphetamine Guidelines

Defendant urges the Court to join the "growing number of district courts" to grant downward variances from guidelines related to methamphetamine offenses." (Def's Mot. at 9-14.) Defendant contends that a reduction in sentence would correct an injustice in the application of the guidelines.

First, the Court rejects Defendant's premise that the methamphetamine guidelines are unjust. Even if there has been

5

criticism, whether warranted or not, this Court will follow the Guidelines until the Sentencing Commission, under its Congressionally-delegated authority, changes them. As it is, there has been no relevant change to the methamphetamine guidelines since Defendant was sentenced. Accordingly, any disparity Defendant perceives in the promulgation (and lawful application) of the methamphetamine guidelines is not an extraordinary and compelling circumstance under the Sentencing Commission's Policy Statement of § 1B1.13.

4. Acceptance of Responsibility

At sentencing, Defendant was not afforded a reduction in offense level based upon acceptance of responsibility because he assaulted another inmate causing permanent vision loss while awaiting sentencing. Defendant points out that the charge stemming from this conduct was ultimately dismissed; thus, he should now get credit for acceptance of responsibility. This argument is devoid of merit. Defendant lost acceptance of responsibility because he did not withdraw from criminal conduct under U.S.S.G. § 3E1.1. The application of § 3E1.1 does not require a conviction for the offending criminal conduct.

5. Rehabilitation

All that remains of Defendant's grounds for compassionate release is his claim of rehabilitation. Rehabilitation while in

6

prison cannot stand alone as an extraordinary circumstance. See U.S.S.G. § 1B1.13(d).

Upon the foregoing, Defendant Ricky Lee Kennedy's motion for compassionate release (doc. 38) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 6th day of June, 2025.

```
_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA
```

7